IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------ :
                                                       : CASE NO.  1:11 CV 00660
    AUDREY RICHARDSON, et al,                          :
                                                       :
                                        Plaintiffs,    : MEMORANDUM OPINION AND
                                                       : ORDER
                    -vs-                               :
                                                       :
                                                       :
    CITY OF CLEVELAND, et al,                          :
                                                       :
                                       Defendants.
------------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

 Before the Court is a motion for judgment on the pleadings filed by defendants Cleveland Metropolitan School District and Officer Shakir Ball. The plaintiffs, Audrey and Carmencita Richardson ("the Richardsons") have filed an opposition and the defendants have replied. For the reasons stated below, the defendants' motion will be granted in part and denied in part.

**I. Background**

 This civil rights case was removed from Cuyahoga Court of Common Pleas to this Court on 1 April 2011. The complaint names as defendants the City of Cleveland, Cleveland Police Officer Stephen Williams, Chief of Police Michael McGrath, an unnamed Cleveland Police Officer, Cleveland Metropolitan School District ("CMSD"), and CMSD's employee Officer Shakir Ball. Officer Ball is sued individually and in his

official capacity. The plaintiffs allege that on 25 February 2011, Audrey Richardson, a minor and student at East Tech High School, was in class. Officer Ball grabbed her, dragged and pushed her into the hallway, and lifted her by the neck and head, as he held her from behind. (Complaint ¶7). Officer Ball then threw Audrey into a plate glass window. The window shattered, causing injury to Audrey's face, mouth, and nose. (Complaint ¶¶7-8)

CMSD and Officer Ball dispute the plaintiffs' description of this incident. In their version, Audrey refused to follow Officer Ball's instructions to clear the hallway, following an altercation between two other students. Officer Ball escorted Audrey back to her classroom. She in turn called him a "fat bitch" and physically assaulted him. Officer Ball restrained Audrey and attempted to escort her to the principal's office. She began kicking, punching, and cursing at Officer Ball. He attempted to restrain her near a glass partition, but her kicking and swinging caused them to lose balance and strike the partition. (Answer ¶¶7-8).

Then, according to the plaintiffs, Audrey was taken to the hospital. Her mother Carmencita spoke to Cleveland Police Officer Stephen Williams and the unnamed Cleveland Police officer about Audrey's injuries and the actions of Officer Ball. Carmencita told them that Officer Ball caused Audrey's injuries, and she requested that he be charged with assault and battery. The officers denied her request and stated that the incident was Audrey's fault. They charged Audrey with assault and disturbing the peace. Plaintiffs state that the charges were brought maliciously and without probable cause, resulting in restrictions on Audrey's liberty. The charges were later dismissed. (Complaint ¶¶9-12).

2

The plaintiffs maintain that their treatment by the officers is "consistent with the institutionalized practice of the Cleveland Police Department and CMSD." They state that the officers' "misconduct [ ] was known to the defendant's supervisors, and ratified by the defendants and the City of Cleveland." Further, plaintiffs maintain, the City of Cleveland and CMSD had "prior notice of the vicious propensities of defendants Shakir Ball, Stephen Williams, and [the unnamed officer]." The plaintiffs state that neither the City of Cleveland nor CMSD have taken effective action "to prevent . . . their police personnel from continuing to engage in such misconduct," and that they "took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority." The plaintiffs state that the City of Cleveland and CMSD "ratified [the officers' misconduct] by failing to properly discipline, restrict, and control [them]." The City of Cleveland and CMSD failed "to take adequate precautions in the hiring, promotion, and retention of police personnel." (Complaint ¶¶14-16).

Based on the facts described above, the plaintiffs allege a number of federal constitutional violations including "their [F]irst [A]mendment right to freedom of expression, their Fourth Amendment right to be free from unlawful seizure of their person, their Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and their Eighth Amendment right to be free from cruel and unusual punishment." (Complaint ¶18). The plaintiffs also allege a number of tort claims under Ohio law, including false arrest and imprisonment, assault, battery, malicious prosecution, abuse of process, negligence and gross negligence. (Complaint ¶20).

Following removal to this Court, the City of Cleveland and Chief of Police McGrath filed an answer, on 6 May 2011. (Doc. 4). On 9 May 2011, CMSD and Officer Ball filed their answer. (Doc. 5). On 20 November 2011, the parties filed a stipulated dismissal of defendants City of Cleveland, Chief of Police Michael McGrath, Officer Stephen J. Williams, and the unnamed City of Cleveland Police Officer. (Doc. 9). CMSD filed its motion for judgment on the pleadings on 7 February 2012. (Doc. 14).The plaintiffs responded on 20 April 2012, and CMSD replied on 30 April 2012. (Doc. 20). The motion is briefed and ready for the Court's consideration.

**II. Legal Standard**

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir.2007) (internal citation and quotation marks omitted).

The same standard for deciding a Rule 12(b)(6) motion to dismiss applies to a Rule 12(c) motion for judgment on the pleadings. Roth v. Guzman, 650 F.3d 603, 605 (6th Cir.2011). A 12(b)(6) motion tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

4

**III. Law and Argument**

CMSD and Officer Ball challenge the plaintiffs' First, Fifth, and Eighth Amendment claims on the ground that the complaint fails to assert the deprivation of any right guaranteed by those Amendments. As for the plaintiffs' excessive force claim under the Fourth Amendment, the school district maintains that it cannot be held liable for an injury inflicted by Officer Ball, because the complaint fails to state facts that would connect Officer Ball's actions to it, in a legally significant way. CMSD challenges the plaintiffs' state law tort claims on the ground that it is entitled to statutory immunity pursuant to Ohio Revised Code, Chapter 2744.

The plaintiffs have sued Officer Ball in both his official and individual capacities. An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, the reasoning that follows, as it relates to claims brought against CMSD, applies with equal force to the claims against Officer Ball in his official capacity.

### A. Federal Constitutional Claims
#### 1. The Plaintiffs' First, Fifth, and Eighth Amendment Claims

The Richardsons' claim that Audrey's First Amendment rights were violated during her encounter with Officer Ball must be evaluated under the framework set forth in Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). Under Mount Healthy, a plaintiff must show that (1) she was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way "likely [to] chill a person

5

of ordinary firmness from" further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action. Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir.1998).

The Richardsons' claim falls short because they allege no facts to show that Audrey was expressing herself in a way that would implicate the First Amendment. The only allegation that might be construed as protected expression is the claim that Audrey "was in her class." "To bring a free-speech claim regarding actions rather than words, claimants must show that their conduct 'convey[s] a particularized message' and 'the likelihood [is] great that the message [will] be understood by those who view[ ] it.'" Blau v. Fort Thomas Pub. Sch. Dist., 401 F.3d 381, 388 (6th Cir. 2005) (citations omitted). The complaint contains no facts to suggest that Audrey's mere presence in school conveyed a particularized message that was likely to be understood by Officer Ball or anyone else. Even if the Court were inclined to view this activity as protected conduct, there is no factual support to the claim that her mere presence motivated Officer Ball's actions. As a consequence, the Richardsons' First Amendment claim will be dismissed.

The Richardsons' claim that Audrey's Fifth Amendment Due Process rights were violated is without merit. "[T]he Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." Scott v. Clay County, Tenn., 205 F.3d 867, 873 n. 8 (6th Cir. 2000). Because the complaint alleges no federal action, this claim will be dismissed.

The Richardsons' allegation that the defendants violated her Eighth Amendment right to be free from cruel and unusual punishment is also without merit. "[T]he Eighth

6

Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010). Because the facts of this case are inconsistent with a properly pleaded Eighth Amendment claim, the claim will be dismissed.

The Court will therefore dismiss the Richardsons' First, Fifth, and Eighth Amendment claims against CMSD and against Officer Ball, in both his official and individual capacities.

### 2. Municipal Liability and the Plaintiffs' Excessive Force Claim

CMSD maintains that it cannot be held liable for an injury inflicted by Officer Ball, because the complaint fails to state facts that would connect Officer Ball's actions to it.[1]

Under 42 U.S.C. § 1983, a governmental unit cannot be held liable for injuries inflicted by an employee or an agent under a *respondeat superior* theory of liability. Monell v. Dept. Of Soc. Srvcs., 436 U.S. 658, 691 (1978). Municipal liability will attach when a governmental unit "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. The plaintiff must demonstrate an "affirmative link" between the occurrence of

---

[1] Officer Ball does not challenge the sufficiency of the complaint in relation to the claim that he used excessive force in violation of Audrey's Fourth Amendment rights. Rather, the defendants seem to imply that Officer Ball, in his individual capacity, is without liability on this claim for the same reasons as CMSD. This clearly cannot be the case, however, because CMSD's theory is that no facts exist to connect Officer Ball's actions to it, not that Officer Ball's actions as alleged do not amount to an excessive force claim.

The defendants correctly note, however, that this claim is properly analyzed under the Fourth Amendment's reasonableness standard. Therefore, insofar as the plaintiffs assert an excessive force claim under the Fourteenth Amendment, that claim is dismissed. The Fourth Amendment excessive force claim remains pending against Officer Ball, in his individual capacity.

employee misconduct and the local government's policy or custom. Rizzo v. Goode, 423 U.S. 362, 371 (1976). The inquiry "in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 386 (1989).

Upon review of the complaint, the Court concludes that the plaintiffs have not stated sufficient facts demonstrating the existence of a CMSD policy or custom that caused Officer Ball's alleged actions. The Richardsons say that CMSD maintained an "institutionalized practice" of misconduct with which Officer Ball's actions were consistent, but this allegation is not sufficient. First, it is an unsupported conclusion, as the complaint provides no specific facts suggesting that officer misconduct is so consistent and pervasive at CMSD that it amounts to an accepted customary practice. The only potential support for the existence of an "institutionalized practice" of misconduct at CMSD are the allegations relating to the specific actions taken by Officer Ball. However, an allegation of a "single incident of unconstitutional activity" is not sufficient to impose municipal liability under Monell. Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985); See also Bd. of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 406 (1997) ("[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation").

Second, the complaint does not adequately describe a direct causal link between CMSD's purported custom and Officer Ball's actions. The allegation that Officer Ball's actions and the custom of CMSD are consistent is not equivalent to saying the one

8

caused the other. The Richardsons provide no additional factual support for the conclusion that CMSD somehow caused the constitutional violation of the plaintiffs.

The plaintiffs also contend that CMSD is liable for Officer Ball's actions based on a failure to train theory. This allegation also falls short. Where liability is so premised, the complaint must set forth sufficient facts, such that the Court might reasonably infer that the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "[T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the City, for the officer's shortcomings may have resulted from factors other than a faulty training program." Id. at 388. The Richardsons' complaint does little more than condemn what they assert as CMSD's failure to train Officer Ball specifically, without describing inadequacies of CMSD's training program as a whole, such that the Court might reasonably infer that Officer Ball's actions are attributable to CMSD. Therefore, the plaintiffs' excessive force claim against CMSD will be dismissed.

**B. The Plaintiffs' State Law Claims**

The Richardsons' state law claims include false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, negligence, and gross negligence. CMSD maintains that these claims cannot go forward as to it, because it is

9

entitled to a grant of statutory immunity by the Political Subdivision Tort Liability Act, as codified in the Ohio Revised Code, Chapter 2744.

This statute, in pertinent part, is as follows:

(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Ohio Rev. Code Ann. § 2744.02.

The Court must apply a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability, under the statute. Cater v. Cleveland, 83 Ohio St.3d 24, 28 (Ohio 1998). At the first tier, the Court determines whether the defendant is a political subdivision for purposes of the statute, and whether the injury occurred in connection with a governmental or propriety function. If these questions are answered affirmatively, the discussion advances to the second tier, where the Court determines whether any of the statutory exceptions to immunity apply. If an exception applies, the third tier analysis involves what statutory defenses, if any, are available to the defendant. Hubbard v. Canton City Sch. Bd. of Edn., 97 Ohio St. 3d 451, 453 (2002).

CMSD meets the first step of the analysis and qualifies for general immunity because R.C. 2744.01(F) declares public school districts to be political subdivisions. Further, R.C. 2744.01(C)(2)(c) states that the provision of a system of public education is a governmental function. Therefore, unless an exception applies, CMSD is immune from the Richardsons' state law claims for damages.

10

The Richardsons argument that the exception contained in 2744.02(B)(4) applies in this instance is without merit. That section states: "political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function . . . ." Ohio Rev. Code. Ann. 2744.02(B)(4). As the defendant correctly points out, this exception does not apply in this case because the Richardsons do not allege that their injuries occurred as a result of "physical defects within or on the grounds of" a government building.

The Richardsons rely on an Ohio Supreme Court case that would appear to support their position, but the reasoning in that case is no longer valid. Hubbard v. Canton City School Board of Education states "[Section (B)(4) ] is not confined to injury resulting from physical defects or negligent use of grounds or buildings." Hubbard v. Canton City Sch. Bd. of Edn., 97 Ohio St. 3d 451, 453 (2002).  However, Hubbard relied on a previous version of Political Subdivision Tort Liability Act. The current amended version of the act requires that the plaintiff's injury occur "due to physical defects within or on the grounds of [ ] buildings that are used in connection with the performance of a governmental function." Therefore, because no exception applies in this instance, CMSD is immune from the Richardsons' state law claims.

**IV. Conclusion**

For the reasons stated above, the Court grants in part and denies in part the defendants' motion for judgment on the pleadings. All claims against CMSD are hereby

11

dismissed. All claims against Officer Ball, in his official capacity, are dismissed. The plaintiffs' First, Fifth, and Eighth Amendment claims against Officer Ball, in his individual capacity, are dismissed. The plaintiffs' Fourteenth Amendment excessive force claim against Officer Ball, in his individual capacity, is dismissed. The plaintiffs' Fourth Amendment excessive force claim and the plaintiffs' state law claims remain pending, against Officer Ball, in his individual capacity.

     IT IS SO ORDERED.

                                            /s/Lesley Wells
                                       UNITED STATES DISTRICT JUDGE

Date:  17 September 2012