**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AUDREY RICHARDSON, *et al.*, | ) | |
| | ) | CASE NO. 1:11 CV 00660 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE LESLEY WELLS |
| | ) | |
| | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Cuyahoga County Division of Children and Family Services' ("CCDCFS") Motion to Quash Subpoena and/or Request for a Protective Order. (Doc. No. 30.) For the following reasons, CCDCFS' Motion is granted in part and denied in part.

**I.   Background**

On February 18, 2011, Plaintiffs Audrey Richardson and Carmencita Richardson filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendants City of Cleveland, Cleveland Police Officer Stephen Williams, Cleveland Chief of Police Michael McGrath, and Unknown City of Cleveland Police Officers (hereinafter referred to collectively as the "City of Cleveland Defendants"). The Complaint also named as Defendants the Cleveland

Metropolitan School District ("CMSD") and CMSD Security Officer Shakir Ball.  The City of Cleveland Defendants removed Plaintiffs' action to this Court on April 1, 2011. (Doc. No. 1.)

In the Complaint, Plaintiffs allege the following.  On February 25, 2011, Plaintiff Audrey Richardson, a minor, was a student at East Tech High School in Cleveland, Ohio.  That morning, Audrey was in class when Defendant Ball allegedly grabbed her, dragged and pushed her into the hallway, and lifted her by the neck and head as he held her from behind. (Doc. No. 1-1 at ¶ 7).  Defendant Ball then threw Audrey into a plate glass window.  (Doc. No. 1-1 at ¶ 8). The window shattered, causing injury to her face, mouth, and nose. (Doc. No. 1-1 at ¶ 8).

Thereafter, Audrey was taken to the hospital, where her mother Plaintiff Carmencita Richardson, spoke to Defendant Williams and the unnamed Cleveland police officer.  (Doc. No. 1-1 at ¶ 9).  Carmencita reported that Defendant Ball had caused her daughter's injuries and requested he be charged with assault and battery. (Doc. No. 1-1 at ¶¶ 9-10).  Plaintiffs allege the Defendant officers denied her request and, instead, charged Audrey with assault and disturbing the peace. (Doc. No. 1-1 at ¶ 11).  The charges were later dismissed.  (Doc. No. 1-1 at ¶ 12).

In their Answer filed May 9, 2011 (Doc. No. 5), Defendants CMSD and Ball dispute Plaintiffs' description of this incident.  According to these Defendants, Audrey refused to follow Defendant Ball's instructions to clear the hallway, called him a "fat bitch," and physically assaulted him. Defendant Ball alleges that, when he restrained Audrey and attempted to escort her to the principal's office, she began kicking, punching, and cursing at him.  He asserts he attempted to restrain her near a glass partition, but her kicking and swinging caused them to lose balance and strike the partition. (Doc. No. 5 at ¶¶ 7-8).

Based on their version of the February 25, 2011 incident, Plaintiffs allege a number of

federal constitutional violations, including "their [F]irst [A]mendment right to freedom of expression, their Fourth Amendment right to be free from unlawful seizure of their person, their Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and their Eighth Amendment right to be free from cruel and unusual punishment." (Doc. No. 1-1 at ¶ 18). They also allege a number of state tort claims, including false arrest and imprisonment, assault, battery, malicious prosecution, abuse of process, negligence, and gross negligence. (Doc. No. 1-1 at ¶ 20).

On November 30, 2011, the parties filed a Stipulated Dismissal of the City of Cleveland Defendants. (Doc. No. 9). Thereafter, Defendant CMSD filed a Motion for Judgment on the Pleadings (Doc. No. 14), which Plaintiffs opposed (Doc. No. 18). On September 18, 2012, an Opinion & Order was issued dismissing all of Plaintiffs' claims except their Fourth Amendment excessive force claim and state law claims against Defendant Ball, in his individual capacity. (Doc. No. 22).

On April 4, 2013, Defendant Ball filed a Notice of Service of Subpoena pursuant to Fed. R. Civ. P. 45(b) (Doc. No. 29), to which he attached a copy of a Subpoena directing CCDCFS to produce "[t]he complete file and any additional documents and materials related to the investigation into allegations involving Shakir Ball and client # 7061028, completed on April 13, 2010." (Doc. No. 29-1).

CCDCFS thereafter filed a Motion to Quash Subpoena and/or Request a Protective Order (Doc. No. 30), arguing the requested documents are confidential pursuant to Ohio Revised Code ("O.R.C") §§ 2151.421(H), 5101.13 *et seq.*, and 5153.17. Defendant Ball opposed CCDCFS's motion, arguing there is "good cause" for disclosure of the records and, further, that Plaintiffs

"waived any claim of confidentiality by filing a civil lawsuit against Defendant Officer Ball based on the same claims raised with CCDCFS the day after the incident." (Doc. No. 33 at 4).

The Court conducted a hearing on CCDCFS's Motion on April 12, 2013, at which counsel for CCDCFS, Defendant Ball, and Plaintiffs were present. (Doc. No. 34).  At this hearing, it was agreed that CCDCFS would deliver both redacted and unredacted copies of the requested records to the Court for an *in camera* inspection. (Doc. No. 34).  On April 15, 2013, CCDCFS delivered the records to the Court and filed a Brief further arguing that the records at issue are confidential and should not be disclosed. (Doc. No. 35).

Having conducted an *in camera* review of the requested CCDCFS records, and for the reasons set forth below, the Court grants in part and denies in part CCDCFS's Motion to Quash.

## II.     Analysis

Ohio law provides that written records of investigations relating to children, as performed by public children services agencies, are confidential.  Specifically, O.R.C. § 2151.421(H) provides as follows:

> (H)(1) Except as provided in divisions (H)(4) and (N) of this section,[1] a report made under this section is confidential.  The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report.  Nothing in this division shall preclude the use of reports of other incidents of known or suspected abuse or neglect in a civil action or proceeding brought pursuant to division (M) of this section against a person who is alleged to have violated division (A)(1) of this section, provided that any information in a report that would identify the child who

---

[1] Section 2151.421(H)(4) relates to reports regarding children who died after the report was made but before the child attained 18 years of age.  Section 2151.421(N) relates to reports regarding alleged child abuse or neglect that occurred in or involved an out-of-home care entity.  Neither of these sections are relevant to the instant action.

4

>  is the subject of the report or the maker of the report, if the maker of the
>  report is not the defendant or an agent or employee of the defendant, has
>  been redacted.[2]  In a criminal proceeding, the report is admissible in
>  evidence in accordance with the Rules of Evidence and is subject to
>  discovery in accordance with the Rules of Criminal Procedure.

O.R.C. 2151.421(H)(1).  *See also* O.R.C. § 5153.17 (providing that public children services agency records are confidential).

However, Ohio courts have found that the confidentiality of such records is "not absolute." *See e.g. Johnson v. Johnson*, 134 Ohio App.3d 579, 582 (Ohio App. 3rd Dist. 1999); *Conrad v. Richland Cty Children Serv*., 2012 WL 3637280 at * 2 (Ohio App. 5th Dist. Aug. 22, 2012); *Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 621-22 (Ohio App. 9th Dist. 2005); *In re J.C.*, 2006 WL 1571056 at *3 (Ohio App. 8th Dist. June 8, 2006). Rather, "a court may conduct an *in camera* inspection of child abuse records and reports and also has the *inherent power* to order disclosure of such records and reports where (1) the records and reports are relevant to the pending action; (2) good cause for such a request has been established by the person seeking disclosure; and (3) where admission of the records and reports outweighs the confidentiality consideration set forth in R.C. 5153.17 and R.C. 2151.421(H)(1)." *Johnson*, 134 Ohio App.3d at 585 (emphasis in original).  *See also Swartzentruber*, 163 Ohio App.3d at 622; *Conrad*, 2012 WL 3637280 at * 2; *Hupp v. Switzerland of Ohio Local School Dist*., 2008 WL 2323783 at * 3 (S.D. Ohio June 3, 2008).  "Good cause" has been defined to mean "'when it

---

[2]     Section 2151.421(M) provides that "a person who brings a civil action or proceeding pursuant to this division against a person [for failure to report suspected child abuse or neglect] may use in the action or proceeding reports of other incidents of known or suspected abuse or neglect, provided that any information in a report that would identify the child who is the subject of the report or the maker of the report, if the maker is not the defendant or an agent or employee of the defendant, has been redacted."  This section is not relevant to the instant action.

is in the best interests of the child or when the due process rights of other subjects of the record are implicated.'" *Johnson*, 134 Ohio App.3d at 583 (quoting 1991 Ohio Atty. Gen. Ops. No. 91-003). "Similarly, the possibility of disclosure outweighing confidentiality considerations was directed at providing for the protection of the child or exonerating someone incorrectly criminally accused." *Swartzentruber*, 163 Ohio App.3d at 101.

Here, the Court is faced with the somewhat unusual circumstance of a party seeking disclosure of confidential child services records from a non-party in the context of a civil action for damages. In this situation, the typical due process considerations supporting disclosure of such records in criminal and domestic relations matters are not necessarily present. However, under similar circumstances, courts have nonetheless recognized the existence of a "good cause" exception to the confidentiality of child services records and allowed the *in camera* inspection and disclosure of such records in the context of a civil damages action. *See e.g. Conrad*, 2012 WL 3637280 at *3 -4 (finding trial court did not err in recognizing "good cause" exception to confidentiality requirements set forth in O.R.C. § 2151.421(H) in context of civil damages action); *Hupp*, 2008 WL 2323783 at * 3-4 (in ADA action against defendant school district, court recognizes "good cause" exception to confidentiality of child services records).[3]

In the instant case, the Court has conducted a careful *in camera* review of the requested child services records. Based on this review, and subject to the limitations and restrictions set forth *infra* in Section III of this Opinion, the Court finds Defendant Bell has established good

---

[3] CCDCFS' reliance on *Roe v. Planned Parenthood Southwest Ohio Region,* 122 Ohio St.3d 399 (2009) is misplaced. In that case, the Ohio Supreme Court denied discovery where plaintiffs sought confidential child abuse reports regarding **non-parties**. Here, the confidential CCDCFS records at issue relate only to the February 25, 2011 incident and involve the same individuals who are parties to the instant case.

cause to warrant disclosure of the redacted internal CCDCFS records contained in "Section 7" of the Records provided to the Court. These documents consist of internal CCDCFS activity logs documenting the County's investigation of the February 25, 2011 incident involving Audrey Richardson and Shakir Bell. Because these internal records are limited to the February 25, 2011 incident that forms the basis for the Complaint, the Court finds these documents are relevant to the instant case.

Moreover, the Court finds Defendant Ball has shown good cause for their disclosure. Plaintiffs filed suit against Defendant Ball for his alleged use of excessive force in connection with the February 25, 2011 incident and are seeking $500,000 from him in compensatory damages, as well as an unspecified amount of punitive damages and attorney fees. Defendant Ball has indicated the CCDCFS records at issue are necessary to assist his expert witness in evaluating and defending against Plaintiffs' claims. Under these circumstances, the Court finds disclosure of the redacted internal CCDCFS documents is justified to protect Defendant Ball's ability to defend himself against the claims set forth in the Complaint.

For similar reasons, the Court finds disclosure of the internal CCDCFS documents at issue outweighs the confidentiality concerns set forth in Section 2151.421(H). As set forth above, the records at issue relate only to the February 25, 2011 incident and involve the same individuals who are parties to the instant case. Moreover, while the Court appreciates the policy considerations underlying Ohio's confidentiality provisions, here CCDCFS has redacted sensitive information contained in the records, including (1) the identity of the person(s) who reported the incident; (2) any communications between the County and Audrey Richardson's medical provider(s); (3) any communications between the County and law enforcement agencies; and (4)

reference to previous history (if any) between the Richardson Family and CCDCFS. The Court finds these redactions (along with the additional restrictions set forth in the Conclusion of this Opinion) sufficiently address the confidentiality concerns set forth in Section 2151.421(H). Accordingly, the Court orders disclosure of the redacted, internal CCDCFS documents contained in Section 7 of the materials provided, subject to the conditions set forth in Section III of this Opinion.

The Court will not, however, order disclosure of the remaining documents provided for *in camera* review. The Court finds these documents are either (1) not relevant to the claims set forth in the Complaint; (2) already in Defendant Ball's possession; or (3) available to Defendant Ball through fact discovery. Accordingly, the Court finds Defendant Ball has not demonstrated good cause to justify the disclosure of the documents contained in Sections 1 through 6 of the materials provided by CCDCFS for *in camera* review.

### III. Conditions of Disclosure

Having conducted its *in camera* review, and for the reasons set forth above, the Court finds that the redacted internal CCDCFS records contained in Section 7 of the materials provided by CCDCFS are relevant to the claims set forth in the Complaint; that good cause exists for the request of the records, and that the use of the redacted records in the instant case outweighs the confidentiality considerations set forth in O.R.C. §§ 5101.13, 5153.17 and 2151.421(H). Disclosure is subject, however, to the following conditions.

Counsel is admonished that these records must be treated as confidential at all times. They shall not be exposed in open court without good cause and the explicit permission of the Court. To the extent it is necessary for a party to discuss the contents of any confidential

document in a written brief, then such portion of the brief may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the brief, a public and a confidential version. In the public version, references to contents of confidential documents shall be redacted. The confidential version shall be a full and complete version of the brief and shall be filed with the Clerk under seal as above.

These documents may be used for the above-captioned proceeding only. Within thirty (30) days of entry of final judgment not subject to further appeal, all confidential documents under this Order, including copies, shall be returned to CCDCFS unless: (1) the document has been offered into evidence; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summation, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to confidential documents, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be subject to the terms and conditions of this Order.

**IV.    Conclusion**

For the reasons set forth above, CCDCFS's Motion to Quash Subpoena and/or Request for a Protective Order is granted in part and denied in part. CCDCFS's Motion is denied with respect to the redacted internal CCDCFS documents provided in Section 7 of the materials provided to this Court for *in camera* review. Disclosure of these documents is subject to the Conditions of Disclosure set forth above in Section III of this Opinion. CCDCFS's Motion is granted with

respect to the remaining documents provided by CCDCFS to this Court for *in camera* review.

IT IS SO ORDERED.

                                                    /s/ Greg White
                                                    U.S. Magistrate Judge

Date: April 23, 2013